IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD JAY RHODOMOYER             *

    Plaintiff,                              *

    v.                                      *        Civil Action No: RDB 12-3806

WELLS FARGO BANK, N.A.,             *

    Defendant.                             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

The *pro se* plaintiff Richard Jay Rhodomoyer ("Plaintiff" or "Mr. Rhodomoyer") brings this claim against the defendant Wells Fargo Bank, N.A. ("Wells Fargo"), alleging a violation of the Home Affordable Modification Program ("HAMP").[1] Specifically, Mr. Rhodomoyer alleges that Wells Fargo violated HAMP by failing to modify his mortgage loan. In response, Wells Fargo submitted a Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 5) on February 28, 2013. After Wells Fargo moved to dismiss Mr. Rhodomoyer's Complaint, Mr. Rhodomoyer alleged for the first time that his Complaint also encompasses a common law fraud claim against Wells Fargo for the actions of one of its attorneys. *See* Mot. for Hr'g & Mot. to Quash 6-8, ECF No. 10.

The parties have fully briefed the issues, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons discussed below, Defendant Wells Fargo's Motion to

---

[1] HAMP is a federal program designed to assist eligible home owners in modifying their mortgage loans to avoid foreclosure. The purpose of HAMP, and procedure by which a mortgage servicer evaluates a borrower's HAMP application, is described in this Court's recent opinion in *Allen v. CitiMortgage, Inc.*, No. CCB-10-2740, 2011 WL 3425665, at *1 (D. Md. 2011).

1

Dismiss the Plaintiff's Complaint (ECF No. 5) is GRANTED, and Mr. Rhodomoyer's HAMP claim is DISMISSED WITH PREJUDICE. Additionally, Mr. Rhodomoyer's Motion for a Hearing on the Merits and Motion to Quash Wells Fargo's Motion to Dismiss (ECF No. 10), which this Court construes as a motion for leave to amend the Complaint, is DENIED as futile.

### BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

In 2008, the *pro se* plaintiff Richard Jay Rhodomoyer ("Plaintiff" or "Mr. Rhodomoyer") received a "Stated Income Loan" with Wachovia Bank to purchase real property located at 133 Polk Street, Cumberland, Maryland, 21502. Compl. ¶¶ II.4-.5. The loan was subsequently transferred from Wachovia Bank to the defendant Wells Fargo Bank, N.A ("Wells Fargo"). *Id.* ¶ II.4. Mr. Rhodomoyer alleges that in 2008, when the loan was formed, the loan officer recorded false information regarding the Plaintiff's income on his loan application. *Id.* ¶ II.5. Mr. Rhodomoyer also alleges that his loan was not handled properly by Wells Fargo, as it was "resold on the secondary market" subsequent to "several counts of mortgage fraud." *Id.* ¶ II.4.

Mr. Rhodomoyer eventually defaulted on his mortgage loan. *Id.* II.9. To avoid foreclosure, Mr. Rhodomoyer pursued a loan modification under the Home Affordable Modification Program ("HAMP"), a federal program that aims to "help eligible home owners with loan modifications on their mortgage debt." *Id.* ¶¶ II.1, .8. He also contemplated reinstating his loan, and discussed this matter with a Wells Fargo attorney, whom he identifies as "Mr. Joe Vito, Esq." Mot. for Hr'g & Mot. to Quash 6-8. Mr. Vito allegedly advised Mr. Rhodomoyer to "wait and see if [he] would be approved for a modification before trying to reinstate the loan." Compl. ¶ II.9. Mr. Rhodomoyer alleges that he relied on Mr. Vito's instruction to his detriment, because he chose to "wait and see" whether Wells Fargo would approve his HAMP modification rather than reinstating the loan. Mot. for Hr'g & Mot. to Quash 7. At the time Mr. Rhodomoyer spoke with Mr. Vito, the cost to reinstate the loan was "feasible," but today "it would be next to impossible." *Id.* at 8. Wells Fargo never approved Mr. Rhodomoyer's application for a loan modification. *Id.* ¶ II.8. On February 6, 2012, Wells Fargo instituted foreclosure proceedings against Mr. Rhodomoyer. Mot. to Dismiss 3. Those proceedings are ongoing. Compl. 8, ¶ 6.b.

On December 28, 2012, Mr. Rhodomoyer filed this action, asserting jurisdiction based on a federal question[2] and alleging that Wells Fargo violated his rights under HAMP by failing to modify his loan. Compl. ¶¶ II.7-.8. In addition, Mr. Rhodomoyer now contends that the attorney for Wells Fargo, Mr. Vito, engaged in fraud by telling Mr.

---

[2] Although Mr. Rhodomoyer's Complaint does not expressly invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331, he explains that he seeks "relief for the violation of [his] rights to the Federal HAMP program." Compl. ¶ 1. Considering this allegation, it is clear that jurisdiction over his HAMP claim could lie only under section 1331, which gives a district court jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

3

Rhodomoyer to "wait and see" if a HAMP modification would be approved for his mortgage loan before trying to reinstate it. Mot. for Hr'g & Mot. to Quash 6-8. Mr. Rhodomoyer's Complaint seeks $15,000 for attorneys' fees and medical costs due to "stress induced illness;"[3] an injunction against Wells Fargo's foreclosure efforts; "forgiveness/cancellation" of his total outstanding payments, the amount of which is not disclosed; and "approval of an affordable modification plan." Compl. ¶ III.2-.5.

Wells Fargo has moved to dismiss Mr. Rhodomoyer's claims, arguing that there is no private cause of action under HAMP. As to Mr. Rhodomoyer's fraud allegations, Wells Fargo contends that the claim fails to meet both the amount in controversy requirement under 28 U.S.C. § 1332 and the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *See* Def.'s Reply 1-3, ECF No. 15.

For the reasons discussed below, Wells Fargo's Motion to Dismiss (ECF No. 5) is GRANTED, and Mr. Rhodomoyer's HAMP claim is DISMISSED WITH PREJUDICE. Mr. Rhodomoyer's Motion for a Hearing on the Merits and Motion to Quash Wells Fargo's Motion to Dismiss (ECF No. 10), construed as a motion for leave to amend the Complaint, is DENIED as futile.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This

---

[3] In Mr. Rhodomoyer's recent filings, he seeks to adjust the amount in controversy to over $80,000. Mot. for Hr'g & Mot. to Quash 3. This proposed amendment is analyzed in Section II of this Memorandum Opinion.

challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.

Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Md. Dep't of Pub. Safety & Corr. Servs.*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

## ANALYSIS

Wells Fargo moves to dismiss Mr. Rhodomoyer's Complaint on several theories. First, Wells Fargo argues for dismissal of Mr. Rhodomoyer's Home Affordable Modification Program ("HAMP") claim, because no private cause of action exists under HAMP. Def.'s

5

Reply 1-2. Second, Wells Fargo contends that the common law fraud claim asserted by Mr. Rhodomoyer fails to meet the amount in controversy requirement for diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). *Id.* Finally, Wells Fargo maintains that even if this Court had diversity jurisdiction over the fraud claim, Mr. Rhodomoyer's allegations of fraud would still fail to state a claim under Rule 9(b). *Id.* at 3. This Court determines that Mr. Rhodomoyer's HAMP claim must be DISMISSED WITH PREJUDICE. Additionally, this Court finds that it would lack subject matter jurisdiction over Mr. Rhodomoyer's amended fraud claim. For this reason, his Motion for a Hearing and Motion to Quash, construed as a motion for leave to amend the Complaint, is DENIED as futile.

**I.     Mr. Rhodomoyer's HAMP Claim**

Wells Fargo argues that Mr. Rhodomoyer's HAMP claim must be dismissed because HAMP does not provide a private cause of action. Def.'s Reply 1-2. In response, Mr. Rhodomoyer contends that because HAMP is a federal law, it qualifies for federal question jurisdiction and can be adjudicated in a private action. Mot. for Hr'g & Mot. to Quash 2.

This Court has uniformly held that relief cannot be granted to private plaintiffs alleging HAMP violations. *See, e.g.*, *Spaulding v. Wells Fargo Bank, N.A.*, No. GLR-11-2733, 2012 WL 3025116, *3 (D. Md. July 23, 2012) ("[A] suit that seeks the general enforcement of the HAMP guidelines must fail."); *Allen v. CitiMortgage, Inc.*, No. CCB-10-2740, 2011 WL 3425665, *4 (D. Md. Aug. 4, 2011) ("Numerous courts have held that borrowers do not have an express or implied private right of action under HAMP."); *see also Goss v. Bank of America, N.A.*, No. CCB-12-2680, 2013 WL 105326, *3 (D. Md. Jan. 8, 2013) ("Where a homeowner has not entered into any agreement under HAMP . . . private plaintiffs have no

6

cause of action to enforce HAMP guidelines."); *Farasat v. Wells Fargo Bank, N.A.*, No. WDQ-12-1276, 2012 WL 6649592, *4 (D. Md. Dec. 19, 2012) (same); *Legore v. OneWest Bank, FSB*, No. L-11-0589, 2012 WL 4903087, *4 (D. Md. Oct. 15, 2012) (same); *Stovall v. Suntrust Mortg., Inc.*, No. RDB-10-2836, 2011 WL 4402680, *11 (D. Md. Sept. 20, 2011) (same).

Mr. Rhodomoyer correctly points out that this Court may exercise jurisdiction over state claims that concern, but are not brought under, HAMP. *See, e.g.*, *Allen*, 2011 WL 3425665, at *5 (finding that "state law claims involving agreements made as part of HAMP" are permissible). In this case, however, Mr. Rhodomoyer attempts to bring suit under HAMP by alleging that Wells Fargo violated the program's guidelines. Compl. ¶¶ 7-8. As this Court has recently held, a "suit that seeks the general enforcement of the HAMP guidelines must fail." *Spaulding*, 2012 WL 3025116, at *3. For this reason, Mr. Rhodomoyer's HAMP claim is DISMISSED WITH PREJUDICE.

   II. **Mr. Rhodomoyer's Fraud Claim**

      A. <u>Construing Mr. Rhodomoyer's Motion for a Hearing and Motion to Quash (ECF No. 10) as a Motion for Leave to Amend</u>

After Wells Fargo filed its Motion to Dismiss (ECF No. 5), Mr. Rhodomoyer contended for the first time that his Complaint includes a common law fraud claim, over which this Court may exercise diversity jurisdiction. *See* Mot. for Hr'g & Mot. to Quash 3, 6-8; Pl.'s Resp. ¶ 19. These contentions appear in Mr. Rhodomoyer's Motion for a Hearing and Motion to Quash Wells Fargo's Motion to Dismiss (ECF No. 10). Because Mr. Rhodomoyer seeks to add allegations to his Complaint, he should have sought leave to amend the Complaint. Considering that Mr. Rhodomoyer is proceeding *pro se*, this Court will apply due liberality and construe his Motion for a Hearing and Motion to Quash Wells

7

Fargo's Motion to Dismiss (ECF No. 10) as a motion for leave to amend the Complaint. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he Court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The United States Court of Appeals for the Fourth Circuit has stated that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). An amended complaint is futile if it "fails to satisfy the requirements of the federal rules." *United States ex. rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted). If an amended complaint would fail to survive a motion to dismiss, the amendment is futile and should be denied. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

B. <u>Futility of Mr. Rhodomoyer's Amendments</u>

Wells Fargo contends that Mr. Rhodomoyer's fraud allegations are futile because they would fail to survive a motion to dismiss. First, Wells Fargo argues that this Court lacks subject matter jurisdiction over the claim. Second, Wells Fargo maintains that Mr. Rhodomoyer has failed to plead fraud with requisite particularity under Rule 9(b) of the Federal Rules of Civil Procedure.[4]

A common law fraud allegation cannot qualify for federal question jurisdiction. In order to hear Mr. Rhodomoyer's claim, this Court must find that it has diversity jurisdiction

---

[4] Because this Court finds that it would lack subject matter jurisdiction over Mr. Rhodomoyer's fraud claim, it need not consider Wells Fargo's substantive arguments under Rule 9(b).

under 28 U.S.C. § 1332. Pursuant to section 1332(a), a district court has diversity jurisdiction over civil actions in which the matter in controversy "exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Considering only the assertions in Mr. Rhodomoyer's original Complaint, this Court may not exercise diversity jurisdiction. The amount in controversy of $15,000 would be inadequate, and the Complaint does not state the citizenship of the parties. Compl. ¶ III.5.

Mr. Rhodomoyer acknowledges these jurisdictional defects in his later filings. For this reason, he seeks to adjust the amount in controversy to over $80,000. Mot. for Hr'g & Mot. to Quash 3. This amount, Mr. Rhodomoyer asserts, would account for the value of his home ($67,000), closing fees ($5,000), and improvements ($35,000), along with his originally-requested $15,000 for attorneys' fees and medical costs. *Id.* Moreover, Mr. Rhodomoyer seeks punitive damages for his common law fraud claim. *Id.* He also alleges that there is complete diversity, as he is a resident of Maryland, and Wells Fargo is a resident of Sioux Falls, South Dakota. *Id.*

As the Fourth Circuit has stated, "[t]he test for determining jurisdiction based upon the amount involved is primarily one of good faith." *Gauldin v. Va. Winn-Dixie, Inc.*, 370 F.2d 167, 170 n.1 (4th Cir. 1966). "[I]f it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount," the case should be dismissed for want of jurisdiction. *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). However, where an initial prayer of the amount in controversy "proves defective at conferring jurisdiction, and the complaint is amended so as to raise the prayer above the jurisdictional amount," a court may determine that such

9

amendment is "highly speculative" and dismiss it, despite the presumption in favor of a plaintiff's good faith. *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1193 (D.C. Cir. 1983) (quoting *LeBlanc v. Spector*, 378 F. Supp. 301, 307-08 (D. Conn. 1973)); *see also Fritz v. Warner-Lambert Pharm. Co.*, 349 F. Supp. 1250 (E.D.N.Y. 1972); *Brown v. Bodak*, 188 F. Supp. 532 (S.D.N.Y. 1960). "Absent some showing of a change of circumstances or developing injuries to explain the inflation of the claim," a court is warranted in finding that the plaintiff's claim has been "inflated" to exceed the jurisdictional threshold. *Dozier*, 702 F.2d at 1193.

After review of Mr. Rhodomoyer's amendments, this Court finds that it cannot credit his adjustments to the amount in controversy in this case. First, Mr. Rhodomoyer's pleadings are inadequate to support his adjusted amount of damages. Mr. Rhodomoyer purports to seek damages for medical bills, home improvements, and closing fees that he allegedly incurred. However, he offers no allegations in support of these costs. *Feikema v. Texaco, Inc.*, 16 F.3d 1408, 1412 (4th Cir. 1994) ("It is fundamental that [a] plaintiff must demonstrate the jurisdictional basis and allege the necessary amount in controversy."); *see also Rebuild Am., Inc. v. Spears*, No. 2:08-0845, 2009 WL 159362 (S.D. W. Va. Jan. 20, 2009) ("'[O]ur court of appeals and many other authorities stress that the basis upon which the district court's jurisdiction depends must be alleged affirmatively and distinctly [in the complaint] and cannot be established argumentatively or by mere inference." (quotations omitted) (collecting authorities)).

Moreover, though Mr. Rhodomoyer now claims punitive damages for Wells Fargo's alleged fraudulent conduct, Maryland law permits an award of punitive damages only if a plaintiff can prove "actual malice" on the part of the defendant, "based upon the heinous

nature" of the defendant's fraudulent conduct. *Odyssey Travel Ctr. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 630 (D. Md. 2003) (quoting *Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633, 649-50, 652-53 (Md. 1992)). Particularly relevant to this case, the Court of Appeals of Maryland has differentiated fraud cases "where the defendant makes a false representation with the 'deliberate wrongdoing and evil motive that has traditionally justified the award of punitive damages,'" from cases "where the fraud is based on 'reckless disregard' or 'reckless indifference.'" *Odyssey Travel*, 262 F. Supp. 2d at 630 (quoting *Ellerin v. Fairfax Savings, F.S.B.*, 652 A.2d 1117, 1126 (Md. 1995)). In this case, Mr. Rhodomoyer alleges that Mr. Vito's conduct constituted "extreme recklessness." Mot. for Hr'g & Mot. to Quash 7. This allegation fails to support an award of punitive damages under Maryland law. *Ellerin*, 652 A.2d at 1126 (holding that "reckless disregard" or "reckless indifference" falls short of the "mens rea which is required to support an award of punitive damages").

Finally, this Court is concerned, as was the court in *Dozier*, that Mr. Rhodomoyer has inflated his claim in order to exceed the jurisdictional threshold under section 1332. 702 F.2d at 1193. Considering the lack of factual support for the requested damages, and that Mr. Rhodomoyer sought to increase the amount in controversy after acknowledging the jurisdictional defects in his Complaint, this Court finds his damages to be "highly speculative." *Id.* Because Mr. Rhodomoyer has not adequately explained "the inflation of the claim," this Court cannot accept the jurisdictional allegations as true. *Id.* ("Absent some showing of a change of circumstances or developing injuries to explain the inflation of the claim . . . amendment of a claim after a finding of jurisdictional inadequacy [tends] to show

11

that the claim [has] been inflated solely to exceed the jurisdictional threshold." (quotation omitted)).

For all of these reasons, this Court finds that Mr. Rhodomoyer's amendments would fail to satisfy federal jurisdictional requirements. Accordingly, his motion for leave to amend is DENIED as futile. *See Wilson*, 525 F.3d at 376; *see also Smith v. Maryland*, No. RDB-11-2007, 2012 WL 3596098, at *7 (D. Md. Aug. 20, 2012) (finding amendment to be futile where this Court lacked jurisdiction over the case).

## CONCLUSION

For the reasons stated above, the Defendant Wells Fargo's Motion to Dismiss (ECF No. 5) is GRANTED, and Mr. Rhodomoyer's HAMP claim is DISMISSED WITH PREJUDICE. Mr. Rhodomoyer's Motion for a Hearing on the Merits and Motion to Quash Wells Fargo's Motion to Dismiss (ECF No. 10), construed as a motion for leave to amend the Complaint, is DENIED as futile.

A separate Order follows.

Dated: May 10, 2013          _____/s/_____
                              Richard D. Bennett
                              United States District Judge